# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

**GEORGIA FLIGHT OF DELAWARE, INC.**
**d/b/a AIR STAR**                                                          **PLAINTIFF**

**v.**                                                        **CAUSE NO. 1:16CV97-LG-RHW**

**GULFPORT AVIATION PARTNERS, LLC**
**d/b/a MILLION AIR GULFPORT-BILOXI**
**and UNITED STATES OF AMERICA**                              **DEFENDANTS**

## <u>MEMORANDUM OPINION AND ORDER</u>
## <u>GRANTING MOTIONS TO DISMISS</u>

BEFORE THE COURT is the [12] Motion to Dismiss filed by Defendant

Gulfport Aviation Partners, LLC ("Million Air") pursuant to Federal Rule of Civil

Procedure 12(b)(6), and the [14] Motion to Dismiss filed by Defendant United States

of America ("the Government") pursuant to Rule 12(b)(1).  The Court has considered

the submissions of the parties and the applicable law and finds that the Motions

should be granted.  Plaintiff Georgia Flight of Delaware, Inc. ("Air Star") has failed

to state a cognizable claim against either Defendant, and, as a result, the Court also

lacks jurisdiction for claims against the Government.

### BACKGROUND

Air Star has sued Million Air and the Government for negligence pursuant to

Mississippi state law and the Federal Tort Claims Act ("FTCA").  Air Star alleges

that it "operated an air charter business using a Beechcraft King Air B-300 ["the

Aircraft"]."  (Compl. 3 (¶7), ECF No. 1).  There is no allegation – and Air Star

concedes – that it was not the owner of the Aircraft.  Air Star states that the

Aircraft "was on a charter and flew to Gulfport-Biloxi Airport where it landed and

was released and under the custody and control of Million Air." (*Id.* (¶8)).  It

contends that on April 25, 2014, a U.S. Army Blackhawk helicopter was taxiing,

and that the helicopter pilots "were assisted in their taxi by an employee of Million

Air[,]" who failed to "notice that the [h]elicopter's rotor blades were too close to [a]

light pole" near the parked Aircraft.  (*See id.* (¶¶ 11-12)).  Plaintiff claims that the

Aircraft suffered extensive damage when the taxiing helicopter struck the pole,

destroying the "pole and caus[ing] debris and/or metal shrapnel to impact with the

parked Aircraft."  (*Id.* at 3-4 (¶¶ 11-15)).

According to Air Star, "the Aircraft was severely damaged to the point it was

destroyed."  (*Id.* at 4 (¶15)).  It alleges that "[b]ecause of the damage and loss of the

Aircraft, [it] incurred foreseeable expenses and/or damages as a direct and/or

proximate result of [the damage to the Aircraft] including but not limited to

significant lost profits, and lost business opportunities because of the

discontinuance of its . . . charter service agreement."  (*Id.* (¶16)).

Million Air has moved to dismiss the Complaint, arguing that (1) "Air Star

had no ownership interest in th[e A]ircraft and therefore cannot recover for property

damages inflicted upon [the Aircraft;]" and (2) Air Star's attempt to "recover

economic damages to its business [is] precluded by the economic loss doctrine . . . ."

(Million Air Mot. To Dismiss 1, ECF No. 12).  Air Star has opposed the Motion on

the grounds that Mississippi (1) does not require ownership to recover for loss of

use; and (2) does not recognize the economic loss rule outside of the context of

products liability cases.  (*See* Air Star Opp. To Million Air Mot. To Dismiss 2, ECF No. 16).

The Government has also filed a Motion to Dismiss.  The Government argues that it "retains its sovereign immunity for the claims asserted by Air Star[, and, thus,] this Court lacks subject matter jurisdiction over the claims" against it.  (Gov't Mot. To Dismiss 2, ECF No. 14).  It makes nearly identical arguments to those made by Million Air, and also contends that Air Star's claim is essentially a claim for negligent interference with a contract, which is not a claim at all under Mississippi law.  Air Star has also opposed the Government's Motion.

## THE LEGAL STANDARD

With respect to Air Star's Motion pursuant to Rule 12(b)(6), the Court accepts "as true the well-pleaded factual allegations in the complaint and construe[s] the complaint in the light most favorable to the plaintiff."  *Hermann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 557 (5th Cir. 2002).  To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and quotation marks omitted).

With respect to the Government's Motion, "[t]he question of whether the United States has waived sovereign immunity pursuant to the FTCA goes to the [C]ourt's subject-matter jurisdiction . . . and may therefore be resolved on a Rule 12(b)(1) motion to dismiss . . . ."  *Willoughby v. U.S. ex rel. U.S. Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013).  "A motion to dismiss under Rule 12(b)(1) is

analyzed under the same standard as a motion to dismiss under Rule 12(b)(6)."
*Dooley v. Principi*, 250 F. App'x 114, 115-16 (5th Cir 2007).

**DISCUSSION**

To date, Mississippi courts have only applied the economic loss rule to products liability claims. However, the Court finds that Air Star cannot state a claim against Defendants because (1) it admittedly did not own the Aircraft, and (2) Mississippi does not recognize a claim for negligent interference with a contract.

"The economic loss rule is a doctrine restricting recovery in products liability to damages for physical harm, thereby excluding recovery for purely economic damages . . . ." *Lyndon Prop. Ins. Co. v. Duke Levy & Assocs., LLC*, 475 F.3d 268, 274 (5th Cir. 2007). There is "no Mississippi caselaw applying this doctrine outside of the realm of products liability." *Id.*; *see also Walker v. Williamson*, 131 F. Supp. 3d 580, 588 (S.D. Miss. 2015). As a result, the Fifth Circuit has declined to apply the doctrine outside that realm in cases arising under Mississippi law.[1] *See id.*; *see also Walker*, 131 F. Supp. 3d at 594-95 ("Because Mississippi courts do not apply this rule in anything but products liability cases and the Mississippi Supreme Court has given no clear indication of adopting it in other cases, this Court must decline to

---

[1] The Court is perplexed by Air Star's citation to *Koninklijke Luchtvaart Maatschaapij, N. V. v. United Techs. Corp.*, 610 F.2d 1052 (2d Cir. 1979). There, the Second Circuit applied Connecticut and New York products liability law to allow loss of use damages to a lessee of an aircraft. However, Plaintiff readily acknowledges that this is not a products liability action, and, moreover, it is likely that a Mississippi court applying Mississippi law would have reached the opposite conclusion.

4

apply the rule as well.").

Nonetheless, this does not resolve the issue of whether Air Star, a non-owner, can recover damages under the circumstances set forth in the Complaint. In *Robins Dry Dock & Repair Co. v. Flint*, 275 U.S. 303 (1927), the employees of a dry dock negligently damaged a vessel subject to a charter agreement. The charterer lost the use of the vessel for a period of time and sued the dry dock in tort for economic damages. The Supreme Court rejected the charterer's claim: "The law does not spread its protection so far."[2] *See id.* at 309.

The Court acknowledges that there is some confusion in that the *Robins Dry Dock* rule is sometimes conflated with the economic loss rule, because *Robins Dry Dock* precluded recovery of purely economic damages. *See, e.g.*, Matthew S. Steffey, *Neligence, Contract, and Architect's Liability for Economic Loss*, 82 Ky. L.J. 659, 702 (1994) ("The economic loss rule, which is usually traced to *Robins Dry Dock* . . . , refers to the prohibition against recovery in negligence or products liability for purely economic loss, as distinguished from loss traced to personal injury or property damage."). But *Robins Dry Dock* also addressed the separate issue of whether one **who is not the owner of property** may recover such damages. "*Robins* broke no new ground but instead applied a principle, then settled both in

---

[2] *Robins* involved a maritime claim, but this Court agrees with other district courts that "the *Robins Dry Dock* rule does not have exclusive application in the admiralty context." *Compl. of Nautilus Motor Tanker Co., Ltd.*, 900 F. Supp. 697, 703 (D.N.J. 1995). Rather, courts applying the rule have applied it in both admiralty and non-admiralty actions. *See id.* (discussing cases).

the United States and England, . . . which denied a plaintiff recovery for economic loss if that loss resulted from physical damage to property in which he had no proprietary interest." *State of La. ex rel. Guste v. M/V Testbank*, 752 F.2d 1019, 1022 (5th Cir. 1985); *see also id*. at 1027 ("Courts applying the tort law of Texas, Georgia, Florida, Alabama, Mississippi and Louisiana have consistently denied recovery for economic losses negligently inflicted where there was not physical damage to a proprietary interest.").

*National Dairy Products Corp. v. Jumper*, 130 So. 2d 922 (Miss. 1961), relied on by Air Star, is distinguished.  The *Jumper* plaintiff actually owned the commercial vehicle damaged by the defendant's negligence.  *Jumper* stands for the simple proposition that "[i]f in addition to the physical injury *the owner* has lost the vehicle's use for a period of time, as during the process of repair, he is entitled to the value of the use of the property during this period."  *See id*. at 922 (emphasis added).

The Court is of the opinion that the Mississippi Supreme Court would follow United States Supreme Court precedent and agree[3] that "[w]hen the plaintiff is not the owner of the physically damaged property, . . . *Robins Dry Dock* bars economic damage recovery."  *In re Deepwater Horizon*, 784 F.3d 1019, 1025-26 (5th Cir. 2015). Thus, Air Star's claim against Million Air will be dismissed under Rule 12(b)(6) for failure to state a claim, and against the Government under Rule 12(b)(1) for lack of

---

[3] This Court does not have the power to certify the question to the Mississippi Supreme Court.  Only the Fifth Circuit can do so.  *See* Miss. R. App. P. 20.

jurisdiction.  *See* 28 U.S.C. § 1346(b)(1) (limiting recovery for injury caused by a Government employee's negligence "while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred"); *see also, e.g.*, *Ecker v. United States*, 358 F. App'x 551, 552-53 (5th Cir. 2009).

Finally, Defendants argue that Air Star's claim is really a claim for negligent interference with a contract, which Mississippi law does not recognize, and for which Air Star cannot recover against the Government.  *See King's Daughters & Sons Circle Number Two of Greenville v. Delta Reg. Med. Ctr.*, 856 So. 2d 600, 606 (Miss. 2003); 28 U.S.C. § 2680(h) (exempting from FTCA "[a]ny claim arising out of . . . interference with contract rights").  The Court agrees.

Air Star contends "that its claims [*sic*] is not a negligent interference with contract claim, but rather a general negligence claim for loss of use and lost profits." (Air Star Opp. To Gov't Mot. To Dismiss 1, ECF No. 18).  That Air Star characterizes its claim as one of pure negligence is not dispositive.  *See, e.g.*, *Truman v. United States*, 26 F.3d 592, 594-95 (5th Cir. 1994); *Ware v. U.S. Bank Nat'l Ass'n*, 131 F. Supp. 3d 573, 577 (S.D. Miss. 2015).  "Courts must focus on the substance of the relief sought and the allegations pleaded, not on the label used." *Geralds v. Entergy Servs., Inc.*, 709 F.3d 448, 452 (5th Cir. 2013); *see also Atorie Air, Inc. v. F.A.A. of U.S. Dep't of Transp.*, 942 F.2d 954, 958 (5th Cir. 1991) ("[b]ecause

the FTCA provides a waiver of immunity otherwise to be accorded the sovereign, the limitations and conditions upon which the government consents to be sued must be strictly construed in favor of the" Government).  Here, Air Star specifically alleged that all of its damages flowed from the discontinuance of its charter service agreement, *i.e.* vis-a-vis its contract for use of the Aircraft.  (*See* Compl. 4 (¶16), ECF. No. 1); *see, e.g.*, *PAB Aviation, Inc. v. United States*, 169 F. App'x 61, 63-64 (2d Cir. 2006); *Getty Ref. & Mktg. Co. v. MT FADI B*, 766 F.2d 829, 834 (3d Cir. 1985).  Dismissal is likewise warranted on this ground.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [12, 14] Motions to Dismiss filed by Defendants are **GRANTED**.  Because the Court lacks subject-matter jurisdiction over the Government, this dismissal will be **WITHOUT PREJUDICE**.  *See, e.g.*, *Rankin v. United States*, 556 F. App'x 305, 310 (5th Cir. 2014).

**SO ORDERED AND ADJUDGED** this the 27th day of May, 2016.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE